**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ADVANTUS, CORP.,

    Plaintiff,

v.                                                                  Case No.   3:18-cv-1368-J-34JRK

SANDPIPER OF CALIFORNIA, INC.,
n/k/a DBJ Enterprises, Inc., PIPERGEAR
USA, INC., and INNOVAPRO
CORPORATION,

    Defendants.

_____

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff Advantus, Corp.'s Motion to Strike and Incorporated Memorandum of Law (Doc. 94; Motion), filed on July 17, 2019. In the Motion, Advantus moves to strike the fourth and fifth declarations of David Jacobs, which Defendants Sandpiper of California, Inc. and Pipergear USA, Inc. filed with their reply briefs. See Motion at 1; see also Declaration of David Jacobs in Support of Defendant DBJ Enterprises, Inc.'s Reply to Plaintiff's Opposition to its Motion to Dismiss or, in the Alternative, Transfer Pursuant to 28 U.S.C. § 1404(a) (Doc. 88-1); Declaration of David Jacobs in Support of Defendant Pipergear USA, Inc.'s Reply to Plaintiff's Opposition to its Motion to Dismiss or, in the Alternative, Transfer Pursuant to 28 U.S.C. § 1404(a) (Doc. 91-1). Defendants Sandpiper and Pipergear oppose the Motion. See Defendants Sandpiper of California, Inc. and Pipergear USA, Inc.'s Opposition to Plaintiff's Motion to Strike (Doc. 97), filed on July 31, 2019.

Advantus objects to the filing of the declarations in connection with the reply briefs because, by doing so, Defendants have "effectively preclude[ed] Advantus from

questioning Mr. Jacobs about this testimony or addressing this testimony in argument to the Court." Id. at 3. Advantus contends that these declarations are therefore due to be stricken and in support cites Carlisle v. National Commercial Services, Inc., No. 1:14-cv-515-TWT, 2015 WL 4092817 (N.D. Ga. July 7, 2015) for the proposition that declarations in support of a motion must be filed with the motion itself to "'ensure that the party opposing the motion be given sufficient time to respond to affidavits . . . thereby avoiding trial by ambush and undue delay in the case.'" See Motion at 4 (quoting Carlisle, 2015 WL 4092817, at *1). While the Court does not disagree with this proposition, the Court does not find good cause to strike the declarations in this instance. See Carlisle, 2015 WL 4092817, at *1 (acknowledging that affidavits may be filed with a reply brief "for the 'limited purpose of responding to matters raised in the responses filed by the opposing parties'" (internal quotation omitted)). Rather, the Court finds the more appropriate course is to allow Advantus an opportunity to respond to this new evidence. In light of the foregoing, it is

**ORDERED:**

1. Plaintiff Advantus, Corp.'s Motion to Strike and Incorporated Memorandum of Law (Doc. 94) is **DENIED**.

2. Plaintiff Advantus, Corp. shall have up to and including **August 23, 2019**, to file a consolidated surreply addressing the evidence presented in the fourth and fifth Jacobs Declarations, not to exceed **seven** pages in length.

**DONE AND ORDERED** in Jacksonville, Florida this 7th day of August, 2019.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record